UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ERICA MAURICIO AND JANIE COVARRUBIAS, | § § § | |
| PLAINTIFFS | § § | |
| v. | § § § | Civil Action No.  3:14-CV-64 |
| PHILLIP GALYEN, P.C. D/B/A BAILEY & GALYEN, AND PHILLIP GALYEN, INDIVIDUALLY, | § § § § § § | JURY DEMANDED |
| DEFENDANTS. | § | |

### PLAINTIFFS' APPLICATION FOR AWARD OF ATTORNEY'S FEES, COSTS AND EXPENSES

Plaintiffs Erica Mauricio and Janie Covarrubias ("Plaintiffs") file their Application for Attorney's Fees, Costs and Expenses ("Application"), showing as follows:

### BACKGROUND

1. On January 9, 2014, Plaintiffs sued Defendants Phillip Galyen, PC and Phillip Galyen, Individually ("Defendants") under the Fair Labor Standards Act ("FLSA") for unpaid overtime pay. On March 9, after 15 months of litigation, and four weeks before docket call, the parties settled this matter. As part of that settlement, the parties agreed to submit the issue of attorney's fees to this Court for the Court's determination. Plaintiffs thus file this Application, requesting an award of reasonable and necessary attorney's fees, costs and expenses in addition to the unpaid overtime awarded by the Court.

2. As the prevailing party in an FLSA action, Plaintiffs are entitled to recover their attorney's fees and expenses. The reasonable fee that Plaintiffs request is the lodestar amount, $91,960.00. This is based on an hourly rate of $400.00 for Douglas B. Welmaker ("Welmaker"),

$400.00 for David Langenfeld ("Langenfeld") and $250.00 for Michael Parsons ("Parsons"). The lodestar is the product of well-documented billing judgment.  Plaintiffs arrived at the lodestar after their counsel eliminated all time billed on this file by any attorneys other than Welmaker, Langenfeld and Parsons, and then made voluntary itemized reductions for unproductive, excessive or redundant work.

## LEGAL OVERVIEW

3.      A Plaintiff is a prevailing party for purposes of an FLSA fee award if he obtains at least some relief on the merits of his claim.  *Tyler v. Union Oil Co. of Calif.*, 304 F3d 379, 404 (5th Ci. 2002).  An award of attorney's fees to a prevailing Plaintiff is mandatory in an FLSA case: a court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant...." *See* 29 U.S.C. § 216(b); *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985).  Attorney's fees award under the FLSA are governed by the lodestar method, and are determined by the trial court, not the jury.  *Saizan v. Delta Concrete Prods., Co.,* 448 F.3d 795, 799 (5th Cir. 2006).

4.      Under the *lodestar* method, a court first determines the reasonable number of hours expended on the litigation and the reasonable hourly rates for the participating attorneys. *Louisiana Power & Light Co. v. Kellstrm*, 50 F.3d 319 (5th Cir. 1995).  Then, the Court must determine a lodestar by multiplying the reasonable hours by the reasonable hourly rates. *Id*. (citing *Blum v. Stenson*, 465 U.S. 886, 888, 104 S. Ct. 1541 (1984)).

5.      After calculating the lodestar, the court may adjust the lodestar amount upward or downward based upon its analysis of twelve factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).  The twelve *Johnson* factors are:

> (1) the time and labor required for the litigation; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to

acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Johnson*, 488 F.2d at 717–19.

6.      The Fifth Circuit and the Supreme Court emphasize that there is a "strong presumption" that the lodestar amount is reasonable.  *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013) (citing *Perdue v. U.S. ex. rel. Kenny A.*, 559 U.S. 542, 552, 130 S.Ct. 1662 (2010)).   The lodestar "should only be modified in exceptional cases." *Watkins v. Forcid*, 7 F3d 453,457 (5th Cir. 1993).

7.      Fee applicants bear the burden of establishing the appropriate hours and hourly rates and proving they exercised billing judgment. *Walker v. City of Mesquite, Tex.*, 313 F.3d 246, 251 (5th Cir. 2002); *Riley v. City of Jackson, Miss.*, 99 F.3d 757, 760 (5th Cir. 1996). Billing judgment requires documentation of the hours charged and of hours not charged because they were unproductive, excessive, or redundant. *Saizan v. Delta Concrete Products Co.*, 448 F.3d 759, 799 (5th Cir. 2006).  The proper remedy for omitting evidence of billing judgment does not include a denial of fees but, rather, a reduction of the award by a percentage intended to substitute for the exercise of billing judgment. *Id*.; *Walker*, 313 F.3d at 251.

8.      A fee applicant can only meet his burden by presenting evidence that is adequate for a court to determine what hours should be included in the reimbursement. *Bode v. United States*, 919 F.2d 1044, 1047 (5th Cir. 1990).  Thus, courts generally require the applicant to produce contemporaneous billing records or other sufficient documentation so that the district court can fulfill its duty to examine the application for noncompensable hours. *Id*. If the documentation is vague or incomplete, a court may reduce the hours.  *Kellstrom*, 50 F.3d at 324.

9.     Reasonable hourly rates are determined by looking to the prevailing market rates in the community in which the district court sits. *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002).

10.     "[A]ttorney fees are an integral part of the merits of FLSA cases," *Shelton v. MP. Ervin*, 830 F.2d 182, 184 (11th Cir. 1987), and, as courts repeatedly explain, the ability of FLSA claimants to recover a reasonable attorney's fee is crucial to the statute's enforcement scheme. *See, e.g., Fegley v. Higgins*, 19 F.3d 1126, 1134-35 (6th Cir. 1994) (the "purpose of the FLSA attorney fees provision is to ensure effective access to the judicial process" and "an award... 'encourages the vindication of congressionally identified policies and rights'"); *United Slate, Local 307 v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 502 (6th Cir. 1984) (FLSA attorney's fee analysis "must reflect the obvious congressional intent that the policies enunciated in FLSA Section 2 be vindicated, at least in part, through private lawsuits"); *Maddrix v. Dize*, 153 F.2d 274, 275-76 (4th Cir. 1946) ("Obviously Congress intended that the wronged employee should receive his full wages plus the penalty without incurring any expense for legal fees or costs"); *Estrella v. P.R. Painting Corp.*, 596 F. Supp. 2d 723, 727 (E.D.N.Y. 2009) (FLSA fee-shifting provision is "designed in part to secure legal representation for plaintiffs whose wage and hour grievances were too small, in terms of expected recovery, to create a financial incentive for qualified counsel to take such cases under conventional fee arrangements"); *Heder v. City of Two Rivers*, 255 F. Supp. 2d 947, 952 (E.D. Wis. 2003) (FLSA's fee-shifting provision "exists to enable plaintiffs to employ reasonably competent lawyers without cost to themselves if they prevail and, thereby, to help ensure enforcement of the substantive provisions of the FLSA").

11.     Consistent with the above principles, it is commonplace for FLSA attorney's fee awards to greatly exceed the amount of the plaintiff's recovered unpaid wages. *See, e.g., Howe v.*

*Hoffinan-Curtis Partners Ltd, LLP*, 215 Fed. Appx. 341 (5th Cir. 2007) (finding that "[g]iven the nature of claims under the FLSA, it is not uncommon that attorney fee requests can exceed the amount of judgment in the case by many multiples" and granting attorneys' fees of $129,805.50 with damages of $23,357.30); *Lucio-Contu v. Vela*, 239 Fed. Appx. 866 (5th Cir. 2007) ($3,349.29, $1,2960.00, and $52.50 in damages for three plaintiffs and $51,750 in attorney's fees); *Cox v. Brookshire Grocery Co.*, 919 F.2d 354, 358 (5th Cir. 1990) ($1,698.00 in damages and $9,250 in attorney's fees); *Fegley*, 19 F.3d at 1134-35 ($7,680 in damages and $40,000 in fees); *Bonnette v. Cal. Health & Welfare*, 704 F.2d 1465, 1473 (9th Cir. 1983) ($20,000 in damages and $100,000 in attorney's fees); *Albers v. Tri-State Implement, Inc.*, 2010 U.S. Dist. LEXIS 23450, *66-86 (D.S.D. Mar. 12, 2010) ($2,137.97 in damages and $43,797 in fees); *Heder*, 255 F. Supp. 2d 947, 962 (E.D. Wis. 2003) ($3,540.00 in damages and $36,204.88 in fees). *Roussel v. Brinker International, Inc.*, 2010 WL 1881898 (S.D. Tex. 2010) (awarding attorney fee recovery of approximately $1,600,000.00 on recovery of approximately $200,000.00 for plaintiffs). Indeed, if statutory fees under the FLSA were limited by the plaintiff's recovery, the vast majority of FLSA violations in this nation would go unvindicated because workers simply would be unable to find private lawyers to take their cases on an individual basis. *See Heder*, 255 F. Supp. 2d at 952.

### Analysis

12.     Based on the lodestar analysis, Plaintiffs seek $91,960.00 in attorney's fees.  This amount is supported by: (a) an analysis of the reasonable hours spent working on this case; and (b) the reasonable hourly rates.  These factors, and the *Johnson* factors, are discussed below, and are supported by a sworn declaration from Douglas B. Welmaker (attached hereto as Exhibit A), a sworn declaration from David G. Langenfeld (attached hereto as Exhibit B), as well as contemporaneous time records (Attachment 2 to Exhibit A).

Hours Of Work Are Reasonable

13.    Pursuant to Defendants' expert, the absolute maximum amount of damages available to Erica Mauricio was $15,856.00; the maximum amount of damages available to Janie Covarrubias was $24,172.00.   These figures were based on plaintiffs' estimate of hours worked, and assuming a three-year look back period and the awarding of liquidated damages.  The parties settled the damages portion of this suit for $50,000.00; $20,000.00 for Mauricio, and $30,000.00 for Covarrubias, $9,972.00 more than Plaintiffs' best case scenario, according to Defendants' expert.

14.    Plaintiffs seek an award based on 173.4 hours of senior associate time and 90.4 hours of associate time in this case.  Dunham & Jones, P.C. tracks its time through a software program called Salesforce.  *See* Welmaker Declaration, attached hereto as Exhibit A. A report reflecting much more than the 263.8 hours of work sought herein is attached as Attachment 2 to Exhibit A.  It is chronologically organized.  It accurately reflects that Douglas B. Welmaker, David Langenfeld and Michael Parsons billed all billable time to this case.  In his Declaration, Welmaker describes the work performed, time charged and the reasonableness and necessity of such work and charges.   Exhibit A.

15.    Welmaker exhibited billing judgment in two different ways.   First, Welmaker wrote off all time for any other attorneys/paralegals other than himself, David Langenfeld and Michael Parsons.    Specifically, Welmaker removed all of Ben Michael's time (10 hours or $2,750.00), all of Monica Thomason's time (1.0 or $125.00), and all of Mitch Dooley's time (.80 or $320.00) for a write-off of $3,195.00.   All of these time entries are shaded in gray in the attached report.

16.    After writing the above time off, Welmaker further showed billing judgment by excluding $20,385.00 of attorney time (28.40 hours or $11,360.00 for Welmaker, and 36.1 hours,

6

or $9,025.00 for Parsons) for unnecessary or duplicative tasks.  These time entries that were written off are also shaded gray on the attached report.  In conclusion, 263.8 hours to handle this matter up to the eve of trial is very reasonable.

<u>The Hourly Rate Upon Which Plaintiffs Base their Award is Reasonable</u>

16.    Douglas B. Welmaker's hourly rate of $400.00 is reasonable.  Welmaker has practiced labor and employment since 1993, and regularly represents Plaintiffs in FLSA cases in Federal District Court.  Courts in both the Northern District of Texas (*Robinson v. Nexion Health at Terrell, Inc.*, CA 3:12-cv-03853, N. D. Tex., Dkt. 56, Feb. 11, 2015) and the Western District of Texas  (*Meesook v. Grey Canyon Family Medicine, PA, et al,* 2014 WL 5040133 (W.D. Tex. 2014) have found his hourly rate of $400 an hour to be reasonable.   Three years ago, in 2011, Judge Rosenthal of the Southern District of Texas approved Welmaker's then-billing rate of $325.00, noting that another court in the Southern District had previously approved Welmaker's $325.00 an hour rate in 2009.  *Riddle v. Tex-Fin, Inc.*, Civ. A. No. H-08-3121, 2011 WL 1103033 (S.D. Tex. March 22, 2011). Welmaker's resume reflecting more details of his education and experience is attached hereto as Attachment 1 to Exhibit A.  Additionally, David Langenfeld's Declaration supporting Welmaker's rate is attached hereto as Exhibit B.   David Langenfeld's hourly rate of $400.00 is reasonable.  Mr. Langenfeld is Board Certified in Labor and Employment law, and has been litigating labor and employment lawsuits in state and federal courts in Texas since 1994.  Mr. Langenfeld's billing rate of $400.00 an hour has been approved in the Northern District in *Robinson v. Nexion Health at Terrell, Inc.*, CA 3:12-cv-03853, N. D. Tex., Dkt. 56, Feb. 11, 2015.  Langenfeld's resume reflecting more details of his education and experiences is attached hereto as Attachment 1 to Exhibit B.  Similarly, Parson's hourly rate of $250.00 is likewise reasonable; Judge Xavier Rodriguez ruled that $250 an hour for Parsons is

reasonable in *Meesook v. Grey Canyon Family Medicine, PA, et al,* 2014 WL 5040133 (W.D. Tex. 2014).

17.     According to the three-year-old 2012 Texas Lawyer survey of billing rates in the Dallas region, attorneys and paralegals billed on average as follows:

|  | Non-Equity Partners | 7th-Year Associates | 4th-Year Associates | Senior Legal Assistants |
|---|---|---|---|---|
| **2011** | $373 | $282 | $265 | $165 |
| **2012** | $380 | $285 | $268 | $170 |

See "The State of Rates: Texas Lawyer's Annual Salary and Billing Survey," Texas Lawyer (Online) October 1, 2012.

18.     In addition, partners at Ogletree, Deakins, Nash, Smoak & Stewart, P.C., a primarily management-side labor and employment law firm with a presence in the Northern District were commanding a median hourly rate of $389.00 over four years ago. *The National Law Journal*, December 2010, p. 13.

19.     The requested rates are in-line with those awarded in similar FLSA litigation. *See, e.g., Black v. SettlePou, PC*, an FLSA case, where the Honorable Ed Kinkeade determined that an hourly rate of $450/hour for lead counsel Joseph H. Gillespie (a 2002 law graduate) "was consistent with the hourly wages of similarly situated attorneys in the Dallas area." 3:10-cv-01418-K, 2012 WL 3638681, *4 (N.D.Tex.Aug. 24, 2012) *rev'd on other grounds,* 732 F.3d 492 (5th Cir. 2013); *Ransom v. Patel*, 859 F. Supp.2d 856 (W.D. Tex. 2012) (partners $350 and $325; first-year associate $180; legal assistant $60); *West v. Border Foods, Inc.*, 2007 U.S, Dist. LEXIS 43423, *6-7 (D. Minn. June 8, 2007) (attorney rates ranging from $550-$275 and a non-attorney rate of $125); *Chan v. Sung Yue Tung*, 2007 U.S. Dist. LEXIS 33883, *9-12 (S.D.N.Y.

May 7, 2007) (senior partner $450; senior associate $300; associate $200; law clerk/pre-admitted law school graduate $100; paralegal $50-$150); *Lenahan v. Sears, Roebuck & Co.*, 2006 U.S. Dist. LEXIS 60307, *65-66 (D.N.J. July 10, 2006) (utilizing "mixed" hourly attorney rate of $353.63).

<u>Johnson Factors Do Not Justify An Adjustment of Fees</u>

20.     The *Johnson* factors are applied below:

a.     The time and labor required for the litigation:  see above.

b.     The novelty and difficulty of the questions presented:  The case presented both novel and difficult questions with respect to whether payment for work performed off the clock must be made at Plaintiffs' full hourly rate before overtime can be calculated.  Additionally, this case presented the issue of whether and to what extent principles of equity apply to overtime calculations.  Defendants' expert, Brian Farrington, previously testified in an unrelated overtime case that in certain situations, equitable factors should be taken into consideration in determining overtime compensation to prevent an unfair result.  Plaintiffs made just such an argument in this case, as the fact that they were paid several different forms of compensation served to drastically reduce the amount of time for which they could recover.  Such would not have been the case had they only been paid hourly. Plaintiffs attempted to apply the same equitable principles previously espoused by Brian Farrington to the facts of this case.  Ultimately however, the risk that such a theory would not prevail at trial necessitated settlement of this matter on terms less favorable than Plaintiffs originally sought.  Plaintiffs anticipate that the fact that Plaintiffs pursued a higher damages figure based on the above novel theories will be used as an excuse to attempt to "gut" their request for attorney's fees.  Such a result would be not only patently unfair but would also serve to discourage any original or creative thinking as applied to FLSA cases.

c.     The skill required to perform the legal services properly:  Based on the sheer volume of documents and the experts involved, above average skill was required.

d.     The preclusion of other employment by the attorney due to acceptance of the case:  Not applicable.

e.     The customary fee:  This matter was handled on a pure contingent fee basis, which is customary, although many firms charge clients their costs, or some other small retainer, neither of which Dunham & Jones, P.C. did in this case.

f.    Whether the fee is fixed or contingent:  Dunham & Jones, P.C. took this case on a pure contingent fee basis.  Accordingly, the firm has, as of this day, not made a penny on this case, and has not charged Plaintiffs a single penny either.

g.    Time limitations imposed by the client or the circumstances:  Not applicable.

h.    The amount involved and the result obtained: Plaintiffs prevailed on liability, and recovered more than 100% of all possible damages, according to Defendants' expert.

i.    The experience, reputation and ability of the attorneys:  Twenty-three plus years experience, with good reputation and ability.

j.    The "undesirability" of the case:  The case was not undesirable.

k.    The nature and length of the professional relationship with the client: Began relationship in August 2013 (Attachment 1 to Exhibit A), and the relationship continues to this day.

l.    Awards in similar cases:  The proposed attorneys' fees award of $82,100.00 would appear to be standard, compared to other similar cases that were tried in the Northern District area in the last year. *See Wherley v. John Schellsmidt et al*, 3:12-cv-0242-D, Dkt. 89, 2014 WL 3513028 (N.D. Tex. 2014) (Hon. Sidney Fitzwater awarded $71,695.00 in fees on a recovery of $16,138.00).  *See also Howe v. Hoffman-Curtis Partners, Ltd., LLP*, 215 Fed App'x 341, 342 (5th Circ. 2007) (affirming $125,805 in attorneys' fees where the plaintiff recovered $23,357 in damages).

21.    After considering the *Johnson* factors, the court may adjust the lodestar upward or downward.  *Shipes v. Trinity Indus*., 987 F.2d 311, 320 (5th Cir. 1993).  However, many of the *Johnson* factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate and should not be double counted.  *Jason D. W. v. HISD*, 158 F.3d 205, 209 (5th Cir. 1998).  Plaintiffs do not seek an upward adjustment to the lodestar amount of $91,960.00. based on the *Johnson* factors.   Additionally, Plaintiffs oppose any reduction in fees based on degree of success, as Plaintiffs recovered, according to Defendants' expert, more than 100% of the damages available to them.  Additionally, as mentioned above, Plaintiffs pursued several novel theories in the prosecution of this case.  The fact that they ultimately were not

completely successful asserting these novel theories does not justify a downward adjustment of the lodestar, especially when one of the novel theories utilized by Plaintiffs was also utilized in prior litigation by Defendants' expert.

A party requesting an adjustment -whether up or down-bears the burden to justify doing so through "specific evidence" that the adjustment is necessary to ensure a reasonable fee.  La. Power & Light Co. v. Kellstrom, 50 F.3d. 319, 329 (5th Cir. 1995).  Defendants will argue that Plaintiffs' original settlement demand seeking $700,000.00 should be held against them, and that the fee award should be proportionately reduced as per *Saizan v. Delta Concrete Prods., Co.,* 448 F.3d 795, 799 (5th Cir. 2006).  However, it is important to note that this settlement demand was subsequently revised to reflect a demand of $159,000.00, communicated to Defendants in October of 2014.   Moreover, as the Fifth Circuit noted in *Saizan*, the District Court did not reduce the fee award "relying solely on the low settlement amount but also on Plaintiffs' failure to establish billing judgment and inability to prove any element of the case." *Saizan v. Delta Concrete Products Co.*, 448 F.3d 795, 803 (5th Cir. 2006).   The additional facts that justified the reduction in *Saizan* are simply not present here, and therefore the rationale underlying *Saizan's* fee reduction simply does not exist in this matter.

22.     Federal Rule of Civil Procedure 54(d)(1) provides for an award of costs "to the prevailing party unless the court otherwise directs." FED. R. CIV. P. 54(d)(1).  Furthermore, the Fifth Circuit strongly presumes that courts will award costs to the prevailing party. *Salley v. E.I. DuPont de Nemours & Co.*, 966 F.2d 1011, 1017 (5th Cir. 1992) (citing *Sheets v. Yamaha Motors Corp. USA*, 891 F.2d 533, 539 (5th Cir. 1990)). Further, courts have generally held that cost awards under fee-shifting statutes may encompass all reasonable out-of-pocket expenses.

*Shorter v. Valley Bank & Trust Co.*, 678 F.Supp. 1518, 1523, 30 WH Cases 334 (D. Kansas 1991); *Walton v. United Consumers Club*, 786 F.2d 303, 316, 27 WH Cases 962 (7th Cir. 1986).

23.    Title 28 U.S.C. § 1920 identifies recoverable costs:

A judge or clerk of any court of the United States may tax as costs the following: (1) Fees of the clerk and marshal; (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and copies of papers necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920 (2006).

24.    Before a court taxes a bill of costs, the party claiming the cost shall attach an affidavit that such amount is correct, was necessarily incurred during the case, and the services which gave rise to the cost were actually and necessarily performed.  28 U.S.C. § 1924 (2006). If a party does not set out costs with sufficient particularity, a court may disallow them. *See Davis v. Commercial Union Ins. Co.*, 892 F.2d 378, 385 (5th Cir. 1990).

25.    In this case, Plaintiffs seeks costs of $2,521.93 for standard items that are included in the costs recoverable under 28 U.S.C. § 1920 such as Filing Fees ($400.00), Service of Process fees ($150.00), Deposition fees ($981.26), Delivery costs ($25.35 and $9.36), and Copying and Bates Labeling ($769.78 and $186.18).  *See* Exhibit C.

## CONCLUSION

26.    Plaintiffs respectfully move the Court to enter an order awarding them reasonable and necessary attorney's fees of $91,960.00 as well as recoverable costs and expenses of $2,521.93.

27.    Plaintiffs also seek all other relief to which they are justly entitled, as determined by this Honorable Court.

Respectfully submitted,


By: /s/ Douglas B. Welmaker
     Douglas B. Welmaker
     State Bar No. 00788641
     DUNHAM & JONES, P.C.
     1800 Guadalupe Street
     Austin, TX 78701
     Tel.: (512) 777-7777
     Fax: (512) 340-4051
     E-mail:  doug@dunhamlaw.com


ATTORNEYS FOR PLAINTIFFS


CERTIFICATE OF SERVICE

I hereby certify that the foregoing Application for Attorney's Fees and Costs has been electronically served on all counsel of record via Notice of Electronic Filing on a known Filing User through the CM/ECF system on April 23, 2015.


/s/ Douglas B. Welmaker
Douglas B. Welmaker